# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FAAMAMATA T., | Case No. 2:22-cv-01457-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket Nos. 24, 25] |
| KILOLO KIJAKAZI, | |
| Defendant(s). | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 24. The Commissioner filed a response in opposition and a cross-motion to affirm. Docket Nos. 25-26. No reply was filed. The parties consent to resolution of this matter by a magistrate judge. *See* Docket No. 3; *see also* Gen. Order 2019-08.

**I.   BACKGROUND**

   A.   Procedural History

On April 20, 2020, Plaintiff filed an application for disability insurance benefits with an alleged disability onset date of April 17, 2020. Administrative Record ("A.R.") 363-64. On September 3, 2020, Plaintiff's claim was denied initially. A.R. 246. On November 30, 2020, Plaintiff's claim was denied on reconsideration. A.R. 253. On December 28, 2020, Plaintiff filed a request for a hearing before an administrative law judge. A.R. 273-75. On June 8, 2021, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Christopher Daniels. *See* A.R. 232-45. On July 19, 2021, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability through the date of the decision. A.R.

23-40. On August 2, 2022, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-7.

On September 7, 2022, Plaintiff commenced this action for judicial review. Docket No. 1.

B.  The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. A.R. 26-35. At step one, the ALJ found that Plaintiff met the insured status requirement through December 31, 2024, and had not engaged in substantial gainful activity since the application date. A.R. 28. At step two, the ALJ found that Plaintiff had the following severe impairments: obesity and degenerative disc disease. A.R. 28-29. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 29. The ALJ found that Plaintiff has the residual functional capacity to:

> perform light work as defined by 20 C.F.R. § 404.1567(b) with the following limitations: [t]he claimant is able to lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; [s]he can stand and/or walk for 2 hours in an 8-hour workday and sit for two hours in an 8-hour workday; [s]he can never crawl or climb ladders, ropes, or scaffolds; [s]he can occasionally climb ramps or stairs, balance, stoop, kneel, and crouch; [s]he cannot work at heights, or around hazards or moving machinery; [s]he can tolerate no more than occasional exposure to extreme cold or vibration.

A.R. 29-32. At step four, the ALJ found Plaintiff unable to perform past relevant work. A.R. 33. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and residual functional capacity. A.R. 33-34. In doing so, the ALJ defined Plaintiff as a younger individual aged 18-49 at the time of the alleged disability onset date with at least a high school education. A.R. 33. The ALJ found the transferability of job skills to be immaterial. A.R. 33. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as an order clerk, call out operator, and document preparer. A.R. 34.

Based on all of these findings, the ALJ found Plaintiff not disabled. A.R. 34.

## II.   STANDARDS

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___

---

[1] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

U.S. \_\_\_\_, 139 S.Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

## III. ANALYSIS

Plaintiff brings a single argument on appeal, that the ALJ erred in discounting her testimony of debilitating back pain. *See* Docket No. 24 at 7-11. The Commissioner responds that the ALJ properly discounted Plaintiff's testimony as to her pain because it was (1) inconsistent with the objective medical record, (2) undermined by the nature and effectiveness of her treatments, and (3) inconsistent with medical opinion evidence. Docket No. 25 at 5-15. The Commissioner has the better argument.

The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as to pain and other symptoms: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms limit an individual's ability to perform work-related activities. *See* Social Security Ruling 16-3p. In the absence of evidence of malingering, an ALJ may only reject a claimant's testimony about the severity of symptoms by giving specific, clear, and convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Factors that an ALJ may consider include inconsistent daily activities, an inconsistent treatment history, and other factors concerning the claimant's functional limitations. *See* Social Security Ruling 16-3p. If an ALJ's determination to discount a claimant's testimony is supported by substantial evidence, a court should not second-guess that determination. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).[2] "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

---

[2] The regulations previously asked the ALJ to assess "credibility." Social Security Ruling 96-7p. The regulations now require the ALJ to "evaluate" the claimant's statements. Social Security Ruling 16-3p. This change does not alter the deferential nature of the Court's review.

In this case, the ALJ determined that the medical evidence could reasonably be expected to produce some degree of pain, but that the intensity of the symptoms would not limit Plaintiff's ability to perform work-related activities in the manner she alleged. In making that finding, the ALJ found that Plaintiff's testimony was inconsistent with the objective medical record, which showed stabilized and largely normal conditions. A.R. 30-32. Such a finding is supported by substantial evidence, *e.g.*, A.R. 642-45, and is an appropriate consideration, *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 20022) (discussing *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).[3] The ALJ also found that Plaintiff's testimony was undermined by the nature and effectiveness of treatment. A.R. 32. Such a finding is supported by substantial evidence, *e.g.*, A.R. 548-50, 607, 613, 615, 649, and is an appropriate consideration, *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). The ALJ further found that Plaintiff's testimony was inconsistent with the medical opinion evidence. A.R. 31-32. Such a finding is supported by substantial evidence, A.R. 247-52, 254-61, and is an appropriate consideration, *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

In short, the ALJ's decision discounting Plaintiff's testimony is supported by substantial evidence and is free from legal error.

---

[3] In addressing the ALJ's determination regarding the objective medical record, the Commissioner also relies on the fact that Plaintiff continued to work at substantial gainful activity levels with the same condition she claimed later was disabling. Docket No. 25 at 9-10. Although it is not clear that such a finding fits within the umbrella of contradiction of the objective medical record, the Court agrees that these circumstances support the ALJ's denial of benefits. Plaintiff fell out of a chair in February 2016 and underwent back surgeries in October 2016 and September 2018. *E.g.*, A.R. 542, 598-600. The record reflects that Plaintiff's back condition in 2020 had not deteriorated since the second surgery. A.R. 642-45. Nonetheless, Plaintiff continued to work until April 2020. *See* A.R. 385; *see also* A.R. 549 (record from July 31, 2019, indicating Plaintiff's statement that "[s]he is able to work now"). Hence, although Plaintiff testified that she stopped working because of the injuries arising from her 2016 fall, she continued to work for four years thereafter and the record reflects a stable back condition for the latter portion of that time. The ALJ recognized these circumstances, *see, e.g.*, A.R. 31, and they provide further support for the finding of non-disability, *e.g. Gregory v. Bowen*, 844 F.2d 664, 666-67 (9th Cir. 1988) (affirming finding of non-disability related to back pain because, *inter alia*, "substantial evidence indicated that the condition of Gregory's back had remained constant for a number of years and that her back problems had not prevented her from working over that time"). Although the ALJ does not appear to have used the "magic words" that Plaintiff's continued work also supports a finding of non-disability, such reasoning can be inferred from the ALJ's decision. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

### IV.     CONCLUSION

Accordingly, the Court **DENIES** the motion for reversal or remand (Docket No. 24)[4] and **GRANTS** the countermotion to affirm (Docket No. 25).  The decision below is **AFFIRMED**.  The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: June 16, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] The Court shares the Commissioner's concerns as to what appears to be a misstatement in Plaintiff's briefing.  *See* Docket No. 25 at 2-3; *see also* Docket No. 24 at 9.  The Court expects better from Plaintiff's counsel in the future.

6